IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOSHUA BRET PARISH<br>and MICHAEL GLENN SINGER, | ) ) ) | |
| Plaintiffs, | ) ) | NO. 1:23-CV-00055 |
| v. | ) ) ) | JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |
| HICKMAN COUNTY JAIL AND<br>STAFF, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Joshua Bret Parish and Michael Glenn Singer, both inmates of the Hickman County Jail in Centerville, Tennessee, co-filed this pro se action under 42 U.S.C. § 1983 against "Hickman County Jail and Staff," f/n/u Batts, f/n/u Stallard, and f/n/u Walker. (Doc. No. 1).

By Order entered on September 12, 2023, the Court informed Parish and Singer that each needed to take additional action for this case to proceed. (Doc. No. 4). Specifically, Parish had not signed the complaint; therefore, the Court directed Parish to return a signed complaint to the Court within 30 days if he wished to proceed as a co-plaintiff in this action. (*Id*. at 1). Next, neither Parish nor Singer had submitted an Application for Leave to Proceed In Forma Pauperis or his portion of the civil filing fee. The Court directed both Parish and Singer to submit one or the other within 30 days. (*Id*.)

1

More than 30 days have passed, and Parish has not submitted a signed complaint. Therefore, the Court does not consider Parish to be a co-plaintiff in this case, and no filing fee will be assessed against him with respect to this case.[1]

Singer has submitted an Application for Leave to Proceed In Forma Pauperis and an inmate trust fund account statement. (Doc. No. 8). However, Singer signed the statement himself (*id.* at 3) and, by statute, the statement must be signed by the facility custodian of Singer's inmate account. *See* 28 U.S.C.§ 1915 (a)(2). Because Singer is proceeding pro se and has made a good faith attempt to timely comply with the Court's prior Order, the Court will extend the deadline for Singer's compliance. Accordingly, Singer **MUST** submit a properly-completed certified inmate account statement no later than November 15, 2023 to proceed with this action. Notably, to be "certified," the custodian of the inmate's account (a jail official, not Plaintiff) must simply sign the statement; notarization is not required. For Singer's convenience, the Clerk is **DIRECTED** to mail, along with this Order, his original Application for Leave to Proceed In Forma Pauperis.

Singer is forewarned that failure to comply with his Order could result in the dismissal of his case.

An extension of time to comply with this Order may be requested from this Court if a motion for an extension of time is filed within 30 of the date of entry of this Order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Fed. R. App. P. 24.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Parish is a plaintiff in another case pending before undersigned pertaining to the August 2023 pepper spray incident at the Hickman County Jail. *See* Case No. 1:23-cv-00053. That case is on referral to the Magistrate Judge.